IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-40936
Summary Calendar

PATRICK EUGENE MALLEY

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-507

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patrick Eugene Malley, Texas prisoner # 1089937, filed a civil complaint under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and 42 U.S.C. § 1983. The Texas Department of Criminal Justice (TDCJ) filed a summary-judgment motion, which was granted. The district court dismissed Malley's complaint, and Malley filed a timely notice of appeal. Several inmates have moved for leave to intervene in this action. Those motions are denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Malley consented to have the magistrate judge (MJ) decide his case. He argues on appeal that the MJ erred in finding that TDCJ had no control or authority over, and therefore no liability for the actions of, the Board of Pardons and Paroles or employees of the University of Texas Medical Branch. He has not shown error in this regard. He also conclusionally asserts that the affidavits submitted by TDCJ as evidence in this case were perjurious. However, he points to nothing in the record on appeal that refutes the contents of those affidavits. Malley contends that the MJ improperly granted TDCJ sovereign immunity on his ADA claims. This contention is belied by the record. The MJ specifically held that Malley's ADA claims were not barred by immunity.

With regard to the arguments already mentioned, Malley has not shown that the MJ erred in granting summary judgment in favor of TDCJ. See FED. R. CIV. P. 56(c)); Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991). Malley has listed a number of other issues he wishes to raise on appeal along with a brief statement that he has stated a claim on each of those issues. Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to adequately brief these additional issues, Malley has abandoned them. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The judgment is affirmed.

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.